J-S11033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSUE A. CERVANTES, | : | |
| | : | |
| Appellant | : | No. 2076 EDA 2017 |

Appeal from the PCRA Order May 31, 2017
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0001759-2009

BEFORE: OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 09, 2018**

Josue A. Cervantes ("Cervantes") appeals, *pro se*, from the Order dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On January 25, 2010, a jury found Cervantes guilty of two counts each of aggravated indecent assault and indecent assault, and one count each of criminal trespass, attempted criminal trespass, and sexual assault. The trial court sentenced Cervantes to a prison term of six to twelve years, followed by ten years of probation. While Cervantes was not found to be a sexually violent predator, he was subject to lifetime registration based upon his sexual assault conviction. On July 15, 2011, this Court affirmed the judgment of sentence, and on December 28, 2011, the Supreme Court of Pennsylvania denied Cervantes's Petition for Allowance of Appeal. **See Commonwealth v.**

*Cervantes*, 32 A.3d 270 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 34 A.3d 81 (Pa. 2011).

In December 2012, Cervantes filed a timely first PCRA Petition. The PCRA court appointed Cervantes counsel, who subsequently filed a Petition to Withdraw and a *Turner*/*Finley*[1] "no-merit" letter. After issuing a Pa.R.Crim.P. 907 Notice, the PCRA court dismissed Cervantes's first PCRA Petition and granted counsel's Petition to Withdraw.

On May 3, 2017, Cervantes, *pro se*, filed his second PCRA Petition. The PCRA court issued a Rule 907 Notice. Cervantes filed a Response. Thereafter, the PCRA court dismissed Cervantes's Petition. Cervantes filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Cervantes's sentence became final on March 27, 2012, after the time to seek review with the United States Supreme Court had expired. *See* Sup. Ct. R. 13. Because Cervantes filed the instant PCRA Petition on May 3, 2017, his Petition is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Cervantes did not plead or prove any exception to the PCRA's timeliness requirement in his Petition.[2] *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (stating that issues not raised in a PCRA

---

[2] We note that Cevantes's ineffective assistance of counsel claims do not implicate a timeliness exception. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (stating that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.").

petition will not be considered on appeal); *see also Wharton*, 886 A.2d at 1126 (stating that it is petitioner's burden to acknowledge that the PCRA petition under review is untimely and plead and prove that one of the exceptions to the time bar applies).[3]

Thus, because Cervantes did not invoke any of the three exceptions necessary to circumvent the PCRA's timeliness requirement, we lack jurisdiction to address the merits of his claims on appeal.

_____

[3] We note that in his appellate brief, Cervantes cites to the governmental interference exception, alleging that the Department of Corrections prevented him from obtaining discovery. *See* Brief for Appellant at 14-15. However, he has not provided any evidence to support the allegation or demonstrated why such interference prevented him from raising the claim in a timely manner.

Cervantes also cites to the newly-recognized constitutional right exception, arguing that our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), rendered the lifetime registration requirement unconstitutional. *See* Brief for Appellant at 45-46. Our Court recently addressed a similar claim and concluded that *Muniz* does not properly invoke the newly-recognized constitutional right exception:

> Here, we acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [a]ppellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). [*See* 42 Pa.C.S.A. § 9545(b)(1)(iii).] Because at this time, no such holding has been issued by our Supreme Court, [a]ppellant cannot rely on *Muniz* to meet that timeliness exception.

*Commonwealth v. Murphy*, 2018 PA Super 35, *3 (Pa. Super. 2018) (emphasis in original).

- 4 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/18